IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

JACOB W. ENTRUP,

    Plaintiff,

vs.                                     No. 07-2041-JDB/dkv

MARK LUTTRELL, et al.,

    Defendants.

_____

ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS
ORDER ASSESSING FILING FEE
ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL
ORDER OF DISMISSAL
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
_____

Plaintiff Jacob W. Entrup, booking number 06121030, an inmate at the Shelby County Criminal Justice Complex ("Jail"),[1] filed a complaint under 42 U.S.C. § 1983. The Clerk of Court shall record Defendants as Mark Lutrell and Pest Control Company.

I. Assessment of Filing Fee

Under the Prison Litigation Reform Act of 1995 (PLRA), 28 U.S.C. § 1915(b), all prisoners bringing a civil action must pay the full filing fee of $350 required by 28 U.S.C. § 1914(a). The in forma pauperis statute, 28 U.S.C. § 1915(a) merely provides the

---

[1] The word prison is used in this order to refer to all places of confinement or incarceration, including jails, penal farms, detention and classification facilities, or halfway houses.

prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

In this case, Plaintiff has properly completed and submitted both an in forma pauperis affidavit and a prison trust fund account statement.  Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that Plaintiff cooperate fully with prison officials in carrying out this order.  It is further ORDERED that the trust fund officer at Plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to Plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit.  When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court.  If the funds in Plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in Plaintiff's account and forward them to the Clerk of Court.  On each occasion that funds are subsequently credited to Plaintiff's account the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that the trust fund officer at Plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to the Plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit.  When

the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court. If the funds in Plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in Plaintiff's account and forward them to the Clerk of Court.

On each occasion that funds are subsequently credited to Plaintiff's account the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $350.00 filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order, and file it with the Clerk along with the payment.

All payments and account statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee, 167 N. Main, Room 242, Memphis, TN 38103

and shall clearly identify Plaintiff's name and the case number on the first page of this order.

If Plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined he shall provide the officials at the new prison with a copy of this order.

If Plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate sanctions, including a monetary fine, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at Plaintiff's prison. The obligation to pay this filing fee shall continue despite the immediate dismissal of this case. 28 U.S.C. § 1915(e)(2). The Clerk shall not issue process or serve any papers in this case.

II. Motion for Appointment of Counsel

A district court is vested with broad discretion in determining whether to appoint counsel for an indigent civil litigant. See Lavado v. Keohane, 992 F.2d 601, 604-05 (6th Cir. 1993). Notably, however, appointment of counsel in a civil case is not a constitutional right, and courts generally do not appoint counsel in a civil case absent a showing of "exceptional circumstances." Id. at 605-06.

In determining whether an appointment is warranted, courts evaluate the type of case, the complexity of the factual and legal issues involved, and the ability of the litigant to represent himself. See id. at 606; Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993)("The key [to determining whether exceptional circumstances exist] is whether the pro se litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help.")  Appointment of counsel in a civil case is not appropriate when a litigant's claims are frivolous, or when the chances of success are extremely slim. See Lavado, 992 F.2d at 604-05; Maclin v. Freake, 650 F.2d 885, 887 (7th Cir. 1981)("[B]efore the court is justified in exercising its discretion in favor of appointment, it must first appear that the claim has some merit in fact and law."). As a general rule, counsel should be appointed in civil cases only if a litigant has made "a threshold showing of some likelihood of merit." Cooper v. A. Sargenti Co., 877 F.2d 170, 174 (2d Cir. 1989).[2]

The Court concludes that an appointment of counsel is not warranted. Plaintiff's complaint is to be dismissed; therefore his motion for appointment of counsel is DENIED.

---

[2] The Second Circuit elaborated: "Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent." Id.


III. <u>Analysis of Plaintiff's Claims</u>

Plaintiff sues Shelby County Sheriff Mark Luttrell and the "Pest Control Company" who provides services to the Jail alleging that on November 1, 2006, he was bitten by a spider even though the pod was sprayed on October 6, 2006. He contends that the pod was sprayed again on December 6, 2006, however, he received two spider bites on December 19, 2006. Entrup insists that the spraying was ineffective and improperly performed. He seeks a new pesticide company, spraying in additional areas of the Jail, and monetary damages.

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

> (1)  is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2)  seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); <u>see also</u> 28 U.S.C. § 1915(e)(2)(B). Even claims that have not been exhausted may be dismissed on the merits. 42 U.S.C. § 1997e(c)(2). Plaintiff's complaint is subject to dismissal in its entirety.

Entrup filed the form complaint for alleging civil rights violations under 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, the plaintiff must allege that the defendants (1) deprived plaintiff of some right or privilege secured by the Constitution and laws of the United States and (2) acted under color of state law. <u>Lugar v. Edmonson Oil Co. Inc.</u>, 457 U.S. 922, 924 (1982); <u>Flagg</u>

6

Brothers Inc. v. Brooks, 436 U.S. 149, 155 (1978); Wagner v. Metropolitan Nashville Airport Authority, 772 F.2d 227, 229 (6th Cir. 1985).  Defendant Pest Control Company is a private company.  Therefore, there is no cause of action under the civil rights acts.  West v. Atkins, 487 U.S. 42, 55-57 (1988).  In general, private individuals and companies do not act under color of state law.  See id.; Polk County v. Dodson, 454 U.S. 312 (1981); McCord v. Bailey, 636 F.2d 606, 613 (D.C. Cir. 1979).

Furthermore, the complaint contains no factual allegations of any action by Sheriff Luttrell.  When a plaintiff completely fails to allege any action by a defendant, it necessarily "appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief."  Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985).  Furthermore, there is no respondeat superior liability under § 1983.  Monell v. Dept. of Soc. Serv., 436 U.S. 658, 691 (1978); Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984)(liability under § 1983 in a defendant's personal capacity must be predicated upon some showing of direct, active participation in the alleged misconduct).  It is clear from the face of the complaint, even construed liberally under Haines v. Kerner, 404 U.S. 519 (1972), that Plaintiff relies entirely on the supervisory capacity of the Sheriff and his incarceration at the Jail as the sole basis for any claim that he violated plaintiff's rights.

7

The Court therefore DISMISSES the complaint in its entirety, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim on which relief may be granted.

IV. Appeal Issues

The next issue to be addressed is whether Plaintiff should be allowed to appeal this decision in forma pauperis. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith. The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. Id. Accordingly, it would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendant, yet has sufficient merit to support an appeal in forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff is not taken in good faith and Plaintiff may not proceed on appeal in forma pauperis.

The final matter to be addressed is the assessment of a filing fee if Plaintiff appeals the dismissal of this case.[3] In McGore v.

---

[3] The appellate filing fee is $455.

Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997), the Sixth Circuit set out specific procedures for implementing the PLRA. Therefore, Plaintiff is instructed that, if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in McGore and § 1915(b).

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Plaintiff, this is the first dismissal of one of his cases as frivolous or for failure to state a claim.

IT IS SO ORDERED this 7th day of August, 2007.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE